IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY LEE CLEATON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 02-CV-788-TCK-SAJ |
| ) | |
| RANDY WORKMAN, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On October 11, 2002, Petitioner, appearing *pro se*, filed a habeas corpus petition pursuant to 28 U.S.C. §2241 (Docket #1). He also paid the $5.00 filing fee required to commence this action. Respondent filed a response (Dkt. # 4) to the petition. Petitioner filed a reply (Dkt. # 5) to Respondent's response. For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

The record reflects that Petitioner was convicted on March 5, 1993, of attempted robbery by fear in Oklahoma County District Court, Case No. CF-92-3933. He received a sentence of twenty (20) years imprisonment. He perfected a direct appeal and three (3) state post-conviction applications challenging his conviction. His conviction was affirmed on direct appeal, and he was denied relief in all of the post-conviction proceedings.

At the time he filed the instant petition for writ of habeas corpus, Petitioner was confined at Dick Conner Correctional Center ("DCCC"), located in Hominy, Oklahoma. In his petition, Petitioner claims that he has been subjected to the "denial of accelerated or speedier release" as the result of findings of misconduct. According to Petitioner, he was housed at DCCC with a particularly violent inmate who, beginning on August 2, 2002, threatened him multiple times with

physical harm. See Dkt. # 1. On August 5, 2002, as a result of the inmate's threats, Petitioner refused direct orders from prison officials to lock down during both the 8 a.m. and the 12:30 p.m. counts in an effort to seek protective custody. A disciplinary hearing was held on August 15, 2002, and Petitioner was found guilty of two (2) Class A misconducts for disobeying an order and for failing to lock down during the 8 a.m. and 12:30 p.m. counts. He spent thirty (30) days in disciplinary segregation and lost thirty (30) earned credits. Petitioner asserts that the two (2) misconducts were "inappropriate." He also complains that as a result of the misconducts, he had to remain at classification level 2 for one (1) year. Petitioner requests that the misconducts be expunged from his record and his earned good time credits be restored. See id.

In response to the petition, Respondent argues that the petition should be dismissed for failure to exhaust available state remedies. See Dkt. # 4. In the alternative, Respondent asserts that Petitioner is not entitled to habeas corpus relief. See id.

*ANALYSIS*

**A. Exhaustion requirement is satisfied in this case**

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)). The Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman, 501 U.S. at 731. To exhaust a claim, a habeas corpus petitioner in custody pursuant to an Oklahoma state court judgment must have "fairly presented" that specific claim to the Oklahoma Court of Criminal Appeals. See Picard v. Conner, 404 U.S. 270, 275-76 (1971). Requiring exhaustion "serves to minimize friction between our federal

and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

Exhaustion is required unless there is "no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Beavers v. Saffle, 216 F.3d 918, 924 n.3 (10th Cir. 2000) (further quotation omitted). The Oklahoma Court of Criminal Appeals limits its review of claims involving earned credits. See Canady v. Reynolds, 880 P.2d 391, 393 (Okla. Crim. App. 1994) (challenges to earned credits permitted by way of habeas corpus if entitlement to immediate release is involved and by way of mandamus as "a vehicle for inmates to ensure due process . . . within the Department of Corrections disciplinary system"). Where a petitioner asserts entitlement to a speedier release, as in the instant case, there is no effective remedy available in the Oklahoma courts for review of constitutional challenges to earned credits. Gamble v. Calbone, 375 F.3d 1021, 1027 (10th Cir. 2004) ("there is no state-exhaustion requirement for Oklahoma inmates challenging the merits of a disciplinary board revocation of earned credits where the inmate is seeking only speedier, and not immediate release."); Wallace v. Cody, 951 F.2d 1170, 1172 (10th Cir. 1991) (recognizing exhaustion would be futile where claim was for "speedier release," as opposed to immediate release).

The Court finds that it would be futile to require Petitioner to present his claims to the OCCA. Petitioner concedes that he received all the process to which he was due during his disciplinary proceeding. He simply disagrees with the outcome of the proceeding and asserts his disobedience to orders was justified. Because it would be futile to require Petitioner to return to state court to exhaust his claim, his habeas corpus claims are not barred by the exhaustion requirement.

**B. Petitioner's request for habeas corpus relief shall be denied**

It is well established that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. 472, 485 (1995). Thus, not every punitive measure taken against a prisoner invokes constitutional guarantees. Although states may create a constitutionally-protected liberty interest through laws or regulations, "these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

In Oklahoma, inmates have the opportunity to earn credits which reduce the length of their imprisonment. Okla. Stat. tit. 57, § 138. The number of earned credits that an inmate may receive is determined by his or her placement in one of four security classification level. Id. However, Oklahoma prisoners have no constitutional right to remain at any particular classification level, and no constitutional liberty interest is implicated by an inmate's reclassification, even if the reclassification adversely affects the opportunity to earn sentence credits. See Sandin, 515 U.S. at 484; Smith v. Okla. Dep't of Corrections, No. 96-7035, 1996 WL 576008 (10th Cir. Oct. 8, 1996) (recognizing that the "Oklahoma statute creating good time credits does not bestow upon inmates a property or liberty interest in the opportunity to earn those credits"); Brown v. Champion, No. 95-5061, 1995 WL 433221 (10th Cir. July 24, 1995) (Sandin makes clear that Oklahoma inmate has no constitutional liberty interest in reclassification by prison officials, and even under pre-Sandin view, the classification of Oklahoma inmates does not implicate the Constitution because it is

"entirely discretionary" with Department of Corrections officials).[1] The loss of an opportunity to earn sentence credits through security classification level changes, such as that which occurred as a result of Petitioner's refusals to lock down during counts, simply does not constitute an atypical or significant hardship upon an Oklahoma inmate in relation to the ordinary incidents of prison life.

Petitioner's request for return of the earned credits he lost as a result of the prison disciplinary hearings also fails because the record clearly demonstrates that he was afforded all the process to which he was due under the Constitution. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Ponte v. Real, 471 U.S. 491, 495 (1985). The United States Supreme Court has held the minimum due process requirements for prisoners in the context of a disciplinary hearing are: (1) written notice of the disciplinary charges; (2) an opportunity for the inmate to present evidence and call witnesses in his defense, so long as doing so does not jeopardize institutional safety concerns; and (3) a written statement by the factfinder concerning the evidence relied on and the reasons for the disciplinary action, when consistent with institutional safety and correctional goals. Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). Additionally, the disciplinary hearing officer's findings must be supported by "some" evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). Under the "some evidence" standard, the Court should not independently assess witness credibility or engage in the weighing of evidence, but should simply determine "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56. The decision can be upheld even if the evidence supporting the decision is "meager."

---

[1] Unpublished decisions are cited solely for their persuasive value in accordance with Tenth Circuit Rule 36.3.

Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996) (quoting Hill, 472 U.S. at 457).

Petitioner concedes and the Court finds that all three of the Wolff procedural requirements were met in the present case. See Dkt. # 4, Exs. A, B, C and D. Moreover, the "some evidence" standard was clearly met: Petitioner acknowledged that he refused to follow direct orders from detention officers who directed him to lock down during two (2) cell counts. See Dkt. # 4, Exs. E and F. Petitioner was afforded the opportunity to present his defense that his refusal to lock down was justified. See id. Nonetheless, he was found guilty of both misconducts. After reviewing the record, the Court finds that in light of Petitioner's admission that he refused to obey direct orders, the findings of the disciplinary committee were supported by more than sufficient evidence.

In summary, Petitioner has failed to show any entitlement to habeas relief. Petitioner was afforded all the process to which he was due at the disciplinary hearing and "some" evidence supported the findings of misconduct. Petitioner's earned credits were not revoked in violation of due process principles. Therefore, Petitioner is not entitled to habeas corpus relief and his petition shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1) is **denied**.

SO ORDERED THIS 22nd day of June, 2006.

*Terence Kern*
TERENCE KERN
UNITED STATES DISTRICT JUDGE